UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAVID EUGENE VOELKERT,

              Plaintiff,              Case No. 1:20-cv-185

v.                                        Honorable Paul L. Maloney

MUSKEGON COUNTY JAIL,

              Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw County Correctional Facility (SRF) in Freeland, Saginaw County,

Michigan. The events about which he complains, however, occurred at the Muskegon County Jail. The only named Defendant in this case is the Muskegon County Jail.

Plaintiff alleges that prior to his incarceration in 2017, he was involved in an accident at work which caused damage to his mouth and teeth. Plaintiff had dental work paid for by Worker's Compensation Insurance in 2017. Plaintiff was to have follow up work done on February 28, 2018, but Plaintiff was incarcerated on February 22, 2018. Plaintiff informed the jail that he was to have dental work, but they ignored him. On March 30, 2018, Plaintiff asked the state court judge if he could be allowed to get his dental work done.

> THE DEFENDANT: And Your Honor, can I ask you a question? My teeth, I – I had an incident in the jail and my teeth – it hurts. I can barely eat and I need to try to get that fixed and I was told to go before you to see about getting – my teeth fixed.
>
> ***
>
> Yeah, because my dentist is already paid for. It was $12,000 to have it done. It's already paid for, but I have to go have it done. And I was told I had to get permission from you to be able to get that done.

(ECF No. 1-1, PageID.8.)

The Court stated that it had no objection to Plaintiff leaving the jail for his dental work if he hired a sheriff's deputy to accompany him. (*Id*. at PageID.8-9.) Plaintiff states that the jail continued to refuse to get allow him to go to his dental provider for treatment despite the fact that Plaintiff was in pain. At some point, Plaintiff was involved in an altercation at the jail and ended up with a mouth full of blood. However, the jail refused to get Plaintiff treatment. Plaintiff filed a grievance toward the end of May 2018, which was ignored.

On June 1, 2018, Plaintiff was transferred to the MDOC and continued to seek relief for his pain. Plaintiff was told that he had to wait until he arrived at his assigned prison. Plaintiff submitted two medical kites and was finally seen by the dentist on August 3, 2018. During this

2

visit, the dentist removed bone fragments that were causing Plaintiff pain, as well as treated the laceration that Plaintiff had received in jail. Plaintiff experienced a high degree of relief from pain as a result this treatment.

On December 4, 2018, Plaintiff sent a letter to the Muskegon County Jail seeking payment to cover the completion of his dental work:

> I was in pain for months due to the Muskegon County Jail refusing medical treatment for an injury that happened at the jail by another inmate. I have the returned medical kites where I was refused medical treatment by the jail and proof from the prison that there was an issue in my mouth. I wasn't able to eat at times, sometimes for days, and was in much pain for months, but your jail refused to help me. I have all the proof I need.
>
> I am now requesting the jail have my dental work completed at your expense. The jail will need to pay all my dental fees and transportation costs to get my work done at my dentist and [surgery] center. I will work with the jail after my work is done to get paid back from the insurance company their portion, but not if it prolongs my dental work from being done.
>
> I am needing to have this work scheduled first thing in the month of January, and if this isn't done, it will start a civil suit and not only include the cost of my dental work, but pain and suffering for the months I was denied medical treatment from your jail. So it would be much cheaper to have my work done now then drag this through Court.
>
> Please note that the insurance company closed my claim due to me not having the work done and not contacting them. This would fall on the jail as well because I begged the jail to get me in and have my work done, to no avail. I also have Court transcripts where my Judge gave me permission to go, but the jail still refused to even see me. I would highly recommend getting in contact with me and helping me get this scheduled so that I can have my jaw and teeth fixed.

(ECF No. 1-5, PageID.16.)

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

3

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**III.    Jail as Defendant**

Plaintiff sues the Muskegon County Jail. The jail is a building, not an entity capable of being sued in its own right. However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Muskegon County. Muskegon County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Id.*

Plaintiff's allegations against the county essentially rest on a theory of vicarious liability and therefore do not state a claim. *Id.* To the extent that Plaintiff suggests the existence of an unlawful custom, a plaintiff must show that the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 60. Plaintiff cites no prior incidents or pattern. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (2007). Plaintiff therefore fails to state a claim against Muskegon County. Accordingly, Plaintiff's complaint is properly dismissed for lack of merit.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:　April 7, 2020　　　　　　　　　　　　　/s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge